# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **DEVON SYKES,** | ) | |
| | ) | |
| Plaintiff, | ) | Case 1:15CV00051 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNIT MANAGER JEFFREY ARTRIP, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Joshua Erlich, Benjamin W. Owen, and Davia Craumer, The Elrich Law Office, PLLC, Arlington, Virginia, for Plaintiff; Jessica J. Berdichevsky, Assistant Attorney General, Richmond, Virginia, for Defendants.*

In this action filed under 42 U.S.C. § 1983, the plaintiff, a former Virginia prison inmate, alleges that prison officials violated his constitutional rights by placing him in five point restraints for approximately 20 hours. Along with their Answer, the defendants have filed a Motion for Summary Judgment. After careful consideration of the parties' briefs, I find that summary judgment is not appropriate until the parties have had an opportunity to conduct some discovery. Accordingly, I will deny the defendant's Motion for Summary Judgment, without prejudice to its later submission.

I.

The facts alleged are as follows. On September 13, 2013, the plaintiff was an inmate at Red Onion State Prison ("ROSP"), located in Wise County, Virginia. On that date, ROSP guards began to restrain an inmate who was located in a cell that was adjacent to the plaintiff's cell. In the process of trying to control this inmate, the cell became exposed to pepper spray and blood. Once the inmate was controlled, he was moved to a different cell and placed in restraints.

In an effort to protest the way his fellow inmate had been treated, the plaintiff broke the sprinkler in his cell. According to the defendants, the plaintiff also intentionally flooded his toilet, which contained urine and feces. The plaintiff told the guards the reason he had broken the sprinkler, and according to the Complaint, one of the guards responded by saying "I'm going to beat the black off of you." (Comp. 7, ECF No. 1.) The Complaint alleges that a different guard then took the plaintiff's belongings out of his mattress, where the plaintiff had placed them for protection, and threw them into the water that had accumulated in the plaintiff's cell.

According to the Complaint, the plaintiff was then placed in the cell that had been exposed to blood and pepper spray when the guards restrained the first inmate. While in this cell, the guards placed the plaintiff in "five point restraints,"

a process by which he was confined to a bed by restraints tied to his ankles, wrists, and across his chest.

The plaintiff alleges that during the approximately 20 hours he was restrained he was offered no meal or bathroom breaks. He further asserts that while he was restrained, correctional officers punched and kicked him. He contends that he was placed in five point restraints solely as punishment and in retaliation for complaining about prison conditions.

While the defendants admit that the plaintiff was placed in five point restraints for the time alleged, they deny that they mistreated him or otherwise violated his constitutional rights and contend that he was restrained in full accord with prison policy because of his continued and unmanageable threats of disruptive and destructive behavior and not as punishment. Supported by affidavits of prison officials, they contend that the plaintiff was provided the opportunity for bathroom and food breaks while restrained and was checked by medical staff.

II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

In his response to the Motion for Summary Judgment, the plaintiff has not submitted admissible evidence in contradiction to that presented by the defendants, but rather asserts that because discovery has not yet occurred in the case, the motion is premature. He has not filed an affidavit or declaration under Rule 56(d) explaining why opposing facts are not available to him.

The Fourth Circuit has said that "strict compliance with [such] affidavits may not be necessary where the circumstances are such that the nonmoving party, through no fault of its own, has had little or no opportunity to conduct discovery, and when fact-intensive issues, such as intent, are involved, provided that the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary." *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008) (internal quotation marks and citation omitted).

The 2010 Amendment to Rule 56 relaxed the affidavit requirement even further by adding section (e), which says that

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

After the addition of Rule 56(e), the Fourth Circuit explained that

> [a]s a general proposition, summary judgment is appropriate only after adequate time for discovery. Discovery is usually essential in a contested proceeding prior to summary judgment because a party asserting that a fact . . . is genuinely disputed must support the assertion by, inter alia, citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials. Obviously, by its very nature, the summary judgment process presupposes the existence of an adequate record. A district court therefore must refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 280 (4th Cir. 2013) (internal quotation marks, citations and alterations omitted).

I do not believe that the factual record in this case has been sufficiently developed to determine whether summary judgment is appropriate. To be clear, I am denying the defendants' Motion for Summary Judgment without prejudice. My ruling does not prevent the defendants from requesting summary judgment once there has been an adequate opportunity for some discovery. However, I cannot say, at this time, that summary judgment should be granted.[1]

III.

For the foregoing reasons, it is **ORDERED** that the defendant's Motion for Summary Judgment (ECF No. 11) is DENIED without prejudice.

ENTER: January 27, 2016

/s/  James P. Jones
United States District Judge

---

[1] In connection with discovery, I remind the parties that the Rules require proportionality and the court will not hesitate to limit discovery that is unduly expensive or burdensome, even if technically within the parameters of Rule 26.